**SEALED**

FILED

APR 4 2012

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**SA12CR0324**

**FB**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CRIMINAL NO. _____ |
| ) | **S E A L E D** |
| **Plaintiff,** ) | **I N D I C T M E N T** |
| ) | |
| **v.** ) | [ Vios: 21 USC §§ 846, and 841(b)(1)(A) |
| ) | Conspiracy to Possess With Intent to |
| **JOSE VILLEGAS-MARTINEZ (1),** ) | Distribute More Than 5 Kilograms of |
| **FRANCISCO VILLARREAL (2),** ) | Cocaine; 18 USC §1956(h) Conspiracy to |
| **ANDREW MARTINEZ (3),** ) | Launder Monetary Instruments; |
| **ISRAEL CASTILLO (4),** ) | 21 USC §§ 846, and 841(b)(1) Possession |
| **DELFINA CASTILLON (5),** ) | With the Intent to Distribute Cocaine] |
| **ROBERT VICENTE OCHOA (6),** ) | |
| **JUAN JAIME TREVINO (7),** ) | |
| **OMAR CEDILLO (8),** ) | |
| **JULIO VILLEGAS (9),** ) | |
| **BILLY JOE MARTINEZ (10),** ) | |
| **AVELINO VILLEGAS-MARTINEZ (11),** ) | |
| **ALFREDO ANGIANO (12),** ) | |
| **ARTURO SOLIS (13),** ) | |
| **ANDY STEVEN GONZALEZ (14),** ) | |
| **JOSE MORENO-VILLELA (15),** ) | |
| **ABEL PACHECO (16),** ) | |
| **RICARDO LAMAS (17),** ) | |
| **JUAN VICENTE MEDINA (18),** ) | |
| **JOSE VILLEGAS, JR., (19),** ) | |
| **JOSE JUAN RIVAS (20),** ) | |
| **LUIS HURTADO (21),  and** ) | |
| **DEMETTIS DRIGGERS (22),** ) | |
| ) | |
| **Defendants.** ) | |

THE GRAND JURY CHARGES:

**COUNT ONE**
[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]

That beginning on or about February 1, 2011, and continuing until on or about April 4,

1 of 10

2012, in the Western District of Texas, Defendants,

**JOSE VILLEGAS-MARTINEZ (1),**
**FRANCISCO VILLARREAL (2),**
**ANDREW MARTINEZ (3),**
**ISRAEL CASTILLO (4),**
**DELFINA CASTILLON (5),**
**ROBERT VICENTE OCHOA (6),**
**JUAN JAIME TREVINO (7),**
**OMAR CEDILLO (8),**
**JULIO VILLEGAS (9),**
**BILLY JOE MARTINEZ (10),**
**AVELINO VILLEGAS-MARTINEZ (11),**
**ALFREDO ANGIANO (12),**
**ARTURO SOLIS (13),**
**ANDY STEVEN GONZALEZ (14),**
**JOSE MORENO-VILLELA (15),**
**ABEL PACHECO (16),**
**RICARDO LAMAS (17),**
**JUAN VICENTE MEDINA (18),**
**JOSE VILLEGAS JR., (19)**
**JOSE JUAN RIVAS (20),**
**LUIS HURTADO (21), and**
**DEMETTIS DRIGGERS(22),**

knowingly, intentionally and unlawfully combined, conspired, confederated and agreed together
and with others known and unknown to possess with the intent to distribute a controlled
substance, which offense involved five (5) kilograms or more of a mixture or substance
containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title
21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and in violation of Title 21, United
States Code, Section 846.

## COUNT TWO
[18 U.S.C. § 1956(h)]

That beginning on or about February 1, 2011, and continuing until on or about April 4,
2012, in the Western District of Texas and elsewhere within the jurisdiction of this Court,

Defendants,

**JOSE VILLEGAS-MARTINEZ (1),**
**FRANCISCO VILLARREAL (2),**
**ANDREW MARTINEZ (3),**
**ISRAEL CASTILLO (4),**
**JULIO VILLEGAS (9),**
**AVELINO VILLEGAS-MARTINEZ (11),**
**ALFREDO ANGIANO (12),**
**ARTURO SOLIS (13),**
**ANDY STEVEN GONZALEZ (14),**
**JUAN VICENTE MEDINA (18),**
**JOSE VILLEGAS, JR. (19)**
**JOSE JUAN RIVAS (20),**
**LUIS HURTADO (21), and**
**DEMETTIS DRIGGERS(22)**

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, together, and with others known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code Section 1956 , as follows:

    (a)    knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to-wit, the distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I);

    (b)    knowing that the property involved in the transportation represented the proceeds of some form of unlawful activity, knowingly to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to a place outside the United States with the intent to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity,

to-wit, the distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

(c)  knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity, knowingly to transport, transmit and transfer and attempt to transport, transmit and transfer funds from a place inside the United States to a place outside the United States with the intent to avoid a transaction reporting requirement under state or federal law, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

## OBJECTS OF THE CONSPIRACY

The objects of the conspiracy included the following:

1) to collect payment for illegal controlled substances that had been delivered.

2) to transport the proceeds of those sales out of the United States and into Mexico where they could be delivered to the supplier of the illegal controlled substances.

3) to conceal the proceeds of these illegal controlled substances sales so that they would remain undetected by law enforcement.

4) to avoid State and Federal currency reporting requirements

## MANNER AND MEANS

It was part of the combination, conspiracy, confederation and agreement that the Defendants would promote the specified unlawful activity by:

1.  Concealing United States currency, the proceeds of illegal drug transactions, in hidden compartments within vehicles owned and operated by the organization.

2.  Transporting the concealed United States currency from those places where the illegal drugs had been purchased to the Republic of Mexico as payment for the illegal drugs and as payment for additional illegal drugs.

3.      Concealing illegal drug proceeds while transporting the illegally obtained

currency outside the United States in a manner which allowed the organization to

avoid the state and federal transaction reporting requirements relating to international

currency exportation.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the Defendants, and

their co-conspirators, known and unknown to the grand jury, knowing the funds were proceeds

from the illegal distribution and sales of controlled substances and with the specific intent to

conceal and disguise the nature, the location, the source, the ownership and the control of the

proceeds, committed and caused to be committed the following overt acts in the Western District

of Texas and elsewhere:

1.      On or about June 28, 2011, in North Carolina, ARTURO SOLIS and ANDY

STEVEN GONZALEZ conceal $189,000.00 in United States Currency, the proceeds

of a 10 kilogram cocaine sale, in the axle of a flatbed trailer provided to them by

FRANCISCO VILLARREAL.  They depart North Carolina and are stopped en-route

to return the currency to FRANCISCO VILLARREAL.

2.      During September of 2011, JUAN VICENTE MEDINA, JOSE JUAN RIVAS and

AVELINO VILLEGAS-MARTINEZ, in North Carolina, collect $789,566.00 in

United States currency, the partial proceeds of an illegal 100 kilogram cocaine sale,

and arrange to have the currency transported to the Republic of Mexico.

3.      During September of 2011, JUAN VICENTE MEDINA, JOSE JUAN RIVAS

and AVELINO VILLEGAS-MARTINEZ, in North Carolina, collect $679,772.00 in

United States currency, the partial proceeds of an illegal 100 kilogram cocaine sale,

with the intent to arrange to have the currency transported to the Republic of Mexico.

4.        During October of 2011, JUAN VICENTE MIDENA hired DEMETTIS

DRIGGERS to transport United States currency, the partial proceeds of an illegal 100

kilogram cocaine sale, to Lytle, Texas and deliver it to two other individuals who

were responsible for transporting the illegal currency to the Republic of Mexico.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B) and 1956(a)(2)(B) in

violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE
[21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]

On or about February 7, 2011, in the Western District of Texas, Defendants,

**JOSE VILLEGAS-MARTINEZ (1),
ANDREW MARTINEZ (3),
ISRAEL CASTILLO (4),
DELFINA CASTILLON (5), and
ROBERT VICENTE OCHOA (6),**

aided and abetted by each other, did knowingly, intentionally and unlawfully possess with the

intent to distribute a controlled substance, which offense involved a mixture or substance

containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of

Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
[21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]

On or about June of 2011, in the Western District of Texas, Defendants,

**JOSE VILLEGAS-MARTINEZ (1),
FRANCISCO VILLARREAL (2),
AVELINO VILLEGAS-MARTINEZ (11),
ALFREDO ANGIANO (12),
ARTURO SOLIS (13), and
ANDY STEVEN GONZALEZ (14)**

aided and abetted by each other and others, known and unknown to the grand jury, did

knowingly, intentionally and unlawfully possess with the intent to distribute a controlled

substance, which offense involved more than 5 kilograms of a mixture or substance containing a

detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE
[21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]

On or about July 18, 2011, in the Western District of Texas, Defendants,

**JOSE VILLEGAS-MARTINEZ (1),**
**FRANCISCO VILLARREAL (2),**
**JUAN JAIME TREVINO (7),**
**AVELINO VILLEGAS-MARTINEZ (11),**
**JOSE MORENO-VILLELA (15),**
**ABEL PACHECO (16), and**
**RICARDO LAMAS (17),**

aided and abetted by each other and others, known and unknown to the grand jury, did

knowingly, intentionally and unlawfully possess with the intent to distribute a controlled

substance, which offense involved more than 500 grams of a mixture or substance containing a

detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United

States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT SIX
[21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]

On or about August 11, 2011, in the Western District of Texas, Defendants,

**JOSE VILLEGAS-MARTINEZ (1),**
**FRANCISCO VILLARREAL (2), and**
**AVELINO VILLEGAS-MARTINEZ (11),**

aided and abetted by each other, and others known and unknown to the grand jury, did

knowingly, intentionally and unlawfully possess with the intent to distribute a controlled

substance, which offense involved more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### [Title 21 U.S.C. § 846 to violate § 841(a)(1), and/or Title 18 U.S.C. § 1956(h) to violate §§1956(a)(1)(A)(i) and 1957, subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1), and/or Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations as set forth in Counts One (1) through Six (6), the **DEFENDANTS** shall forfeit to the United States pursuant to Title 21 U.S.C. § 853(a)(1), and/or Title 18 U.S.C. § 982(a)(1), any and all property (real or personal) involved in the afore stated offense(s) and all property traceable to such property, wherein the **DEFENDANTS** did obtain, use or intend to use:

    a.     Any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violations; and/or

    b.     Any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations;

thereby making the **DEFENDANTS'** right, title and interest in said property forfeitable to the United States, including, but not limited to, the following:

A Money Judgment in the amount of TWO MILLION, THREE HUNDRED SIXTY-TWO THOUSAND, FIVE HUNDRED DOLLARS ($2,362,500.00) and any interest and proceeds traceable thereto, in that such sum in aggregate is property which was involved in the afore stated offense(s) or is traceable to such property.

All in violation of Title 21 U.S.C. § 846 to violate § 841(a)(1), and/or Title 18 U.S.C. § 1956(h) to violate §§ 1956(a)(1)(A)(i) and 1957, and subject to forfeiture pursuant to Title 21

U.S.C. § 853(a)(1), and/or Title 18 U.S.C. § 982(a)(1).

## Substitute Assets
### [Title 21 U.S.C. § 853(p), and/or Title 18 U.S.C. § 982(b)(2)]

If any of the real and/or personal properties described above as being subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1), and/or Title 18 U.S.C. § 982(a)(1), as a result of any act or omission of the **DEFENDANTS**,

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property of said **DEFENDANTS** individually as related to any of the aforementioned real and personal properties, and any other properties of said **DEFENDANTS** up to the value of the aforementioned said sum, as listed in the Money Judgment above, pursuant to the substitute asset provisions of Title 21 U.S.C. § 853(p), and/or Title 18 U.S.C. § 982(b)(2).

All in violation of Title 21 U.S.C. § 846 to violate § 841(a)(1), and/or Title 18 U.S.C. §

1956(h) to violate §§ 1956(a)(1)(A)(i) and 1957, and subject to forfeiture pursuant to Title 21 U.S.C.

§ 853(a)(1), and/or Title 18 U.S.C. § 982(a)(1).


                                        A TRUE BILL


                                        _____
                                        Foreperson


ROBERT PITMAN
UNITED STATES ATTORNEY

By:    _____
       GREGORY J. SUROVIC
       Assistant United States Attorney